[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-12624
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 20, 2012
JOHN LEY
CLERK

D.C. Docket No. 9:09-cv-81098-KAM


KELVIN RANCE,

Plaintiff-Appellant,


versus


FLORIDA DEPARTMENT OF EDUCATION,
FLORIDA DIVISION OF VOCATIONAL REHABILITATION,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(January 20, 2012)

Before CARNES, HULL, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff Kelvin Rance, proceeding pro se, appeals the district court's grant of summary judgment to Defendants Florida Department of Education and Florida Division of Vocational Rehabilitation (collectively, "DVR")[1] in this civil action, brought under 29 U.S.C. § 722(c)(5)(J), alleging DVR failed to allow additional evidence in a state administrative proceeding (Count I) and failed to provide vocational rehabilitation benefits (Count II). After consideration of the briefs and record, we affirm.

## I. EVIDENCE IN THE ADMINISTRATIVE RECORD

### A. Plaintiff Rance's Proposed IPE

Plaintiff Rance worked in the computer field until health problems forced him to leave his job. Subsequently, Rance contacted Defendant DVR to obtain a plan to update his computer skills. On April 20, 2005, DVR certified him eligible for vocational rehabilitation services.

Pursuant to that certification, Rance and one of DVR's vocational rehabilitation counselors agreed upon an Individualized Plan of Employment

---

[1]The Florida Division of Vocational Rehabilitation is contained within the Florida Department of Education and thus not a separate entity. See Fla. Stat. § 20.15(3)(d) (2009). However, the district court accepted Rance's categorization of them as two separate entities because the distinction had no effect upon the case. We find no reason to depart from that reasoning for purposes of this appeal.

("IPE") for him. Among other things, Rance's IPE provided that he was to receive computer training through "PC Professor," a computer programming company. On the IPE's left top corner are the words "pending approval" in bold. The IPE's case notes state that the "IPE [was] completed and submitted." Subsequent case notes state that Rance was informed that additional information would have to be obtained prior to his IPE's approval.

Rance's DVR counselor apparently sent the IPE for approval to Todd Sapperstein, DVR's vocational rehabilitation supervisor. Sapperstein's responsibilities included developing and approving IPEs, managing DVR's financial resources to ensure efficient provision of services, and having a working knowledge of pertinent state and federal law. Sapperstein investigated Rance's eligibility for the requested computer programming course. Sapperstein asked Robert Fellman, the co-owner of PC Professor, if Fellman had checked whether Rance's computer knowledge was what he claimed. When Fellman replied that he had not, Sapperstein requested him to do so, as the course was expensive and DVR's resources must be managed wisely.

**B.    Educational and Psychological Assessments**

In order to assess Rance's computer abilities, DVR's Sapperstein asked Rance to take the Test of Adult Basic Education ("TABE"). TABE is a "norm-

3

based examination used extensively throughout the United States, especially in adult-education programs, to determine a person's approximate grade level." Although DVR's Sapperstein told Rance the TABE was a prerequisite to his particular IPE being approved, Rance refused to take the test. Rance stated that he had already taken the TABE through another agency and would send Sapperstein the results within two weeks. DVR's Sapperstein sent Rance a letter confirming their agreement. However, Sapperstein never received the TABE results. Rance later claimed that Sapperstein had excused him from taking the test, although Sapperstein disputed Rance's claim.

While the TABE process was unfolding, Rance had a series of interactions with other DVR personnel that led Sapperstein to ask Rance to undergo a psychological evaluation. The purpose of the evaluation was to assess Rance's intellectual and emotional ability to complete the computer programming course. DVR's procedures provided for such an evaluation in appropriate situations, such as when the applicant displayed volatile behavior jeopardizing his success under the proposed IPE. DVR's Sapperstein decided Rance's case was such a situation.

For example, the case notes for Rance's IPE describe an interaction with a DVR staff member in which Rance was "very angry and threaten[ed] to sue" because he was not furnished with copies of his records, "yelled that he wanted a

4

copy of his file," and "did not want to set up an appointment" to discuss his situation. Fellman also indicated that Rance "had an attitude and was pushy." At first, Rance appeared to cooperate by going to the psychologist's office. Once there, however, Rance refused to sign the consent form and demanded changes to the form. The changes were not made, and due to Rance's failure to cooperate, the psychologist refused to conduct the examination.

Because Rance refused to comply with DVR's assessment process, DVR closed his case and Rance's proposed IPE was never approved. DVR sent Rance a letter informing him of the closure and of his available remedies.

## C.    Administrative Appeal

Rance filed an administrative appeal of DVR's decision to close his case. The administrative law judge ("ALJ") held a hearing, during which Rance testified about the taking of the TABE test. Rance admitted that he previously had taken the TABE and called the score "bogus" and "not accurate." Rance also stated that he "did not physically give" DVR his TABE score.

Rance also testified regarding his appointment with the psychologist, Dr. Siegel. Rance confirmed that he went to the psychologist's office and refused to sign the consent form.

At the same hearing, psychologist Dr. Siegel testified that the consent form

5

was required by the Health Insurance Portability and Accountability Act[2] and the ethics of the profession. Because Rance refused to sign the form, Dr. Siegel did not evaluate him.

PC Professor's Fellman also testified at the hearing. According to Fellman, Sapperstein told him that Rance took the TABE and failed it. However, Rance was allowed to retake the exam, as DVR deemed it necessary to evaluate Rance's ability to enroll in the computer course. Rance refused to retake the TABE test. Fellman stated that Rance's failing TABE score was inconsistent with the level of experience Rance claimed to have.

## D. ALJ's Recommended Order

After the hearing, the ALJ issued a Recommended Order on August 11, 2006. The Recommended Order stated that Rance should "undergo a psychological evaluation and take the TABE if he desires an IPE that authorizes funding for computer skills training. If [Rance] refuses to comply, then DVR should attempt to develop an alternate IPE pursuant to which appropriate services other than computer skills training might be afforded."

Rance then sought review by Defendant DVR. On August 28, 2006, Rance requested approval to file what he termed "exceptions" to the Recommended

---

[2]Pub. L. No. 104-191, 110 Stat. 1936 (codified in scattered sections of 42 U.S.C.).

Order out of time. Under the Florida Administrative Code, a party must file "exceptions to findings of fact and conclusions of law contained in recommended orders with the agency . . . within 15 days of entry of the recommended order." 28 Fla. Admin. Code Ann. r. 28-106.217. The rule does not provide for submission of evidence. See id. DVR granted his request.

Shortly thereafter, however, Rance filed 22 pages containing objections to the ALJ's Recommended Order. Rance also filed 146 pages of exhibits as evidence to support his claims. The exhibits contained these documents: DVR's Handbook of Services; DVR's Preliminary Assessment of Rance; Rance's IPE, marked "Pending Approval" on the front page; worksheets from Rance's IPE; DVR's April 6, 2005 Medical/Psychological Consultation with Rance; Rance's Certification of Eligibility from DVR; motions and orders related to Rance's hearing before DVR; Chapter 4 from DVR's Operating Procedures manual; and selections from the Code of Federal Regulations.[3]

On September 22, 2006, Defendant DVR issued a Final Order in which it adopted the ALJ's Recommended Order, overruled Rance's exceptions to the Recommended Order, refused to consider Rance's submission of the above

---

[3]While Rance claims the exhibits are "exceptions," the fact remains the exhibits are not exceptions but primarily evidence.

additional exhibits as untimely, and denied Rance's request for relief. The Final Order noted that the exhibits "constitute[d] an untimely request for consideration of additional evidence."

## II. DISTRICT COURT PROCEEDINGS

### A. Rance's Complaint

On July 27, 2009, Rance filed a civil complaint against DVR, proceeding under 29 U.S.C. § 722(c)(5)(J). His complaint alleged three counts, of which only the first two remain relevant on appeal.[4] Liberally construed, Count I alleged that DVR failed to allow additional evidence in accordance with 34 C.F.R. § 361.57(g)(3)(i) because DVR refused to consider Rance's additional exhibits. Count II alleged that DVR failed to provide vocational rehabilitation benefits in a lawful manner consistent with 29 U.S.C. § 722(b)(1)(A)(i) because DVR refused to execute the purportedly approved IPE.

Attached to Rance's complaint was his certificate of eligibility from DVR, case notes from his IPE, an October 13, 2006 letter from DVR informing him that a final order had been issued from the agency, and a November 6, 2006 letter from DVR informing him that his file had been closed. The October 13, 2006 letter

---

[4]The district court granted DVR's Federal Rule of Civil Procedure 12(b)(6) motion to dismiss Count III, and Rance did not appeal that dismissal.

stated that, consistent with the administrative determination, Rance would be required to undergo a psychological exam and to take the TABE if he wished to pursue the computer course.

After more motions were filed, Rance submitted the exceptions and additional evidence he had submitted unsuccessfully to DVR. The district court took judicial notice of the submissions except for the legal authority submissions, as they were not evidence.

## B. DVR's Motion for Summary Judgment

DVR moved for summary judgment, arguing that Rance's cause of action for review was time barred.[5] In support of this motion, DVR submitted copies of the Final Order and the Recommended Order.

The district court notified Rance of DVR's summary judgment motion and advised Rance that he should respond to the motion. Further, the district court noted that "it appears that summary judgment could be entered on the merits of this case in favor of one party" and DVR "ha[d] raised arguments on the merits."[6]

---

[5]The DVR based its argument on the fact that there is no statute of limitations in 29 U.S.C. § 722(c)(5)(J)(i) and that Fla. R. App. P. 9.110(c) only allows thirty days for filing an appeal for review of administrative orders. Rance argued that the four-year catchall provision under 28 U.S.C. § 1658 applied.

[6]Contrary to the district court's interpretation, we read DVR's summary judgment motion not to raise an argument on the merits, but rather an argument on a procedural issue: the statute of limitations. Nonetheless, the district court did advise Rance that he must address the merits

9

The district court expressly notified Rance that "a party must go beyond the pleadings and by its own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." The district court also encouraged Rance to file any "necessary sworn affidavits and other material along with his response" to DVR's summary judgment motion.

Rance filed an opposition to DVR's summary judgment motion, arguing that his action was not time barred. In support of his motion, he attached DVR's Final Order. Rance also moved for partial summary judgment, on the ground that DVR violated federal law by failing to provide a written IPE as required under 34 C.F.R. § 361.45 and 29 U.S.C. § 722(2)(a). Further, Rance argued that the law did not require the IPE to be approved by a supervisor and thus DVR's Sapperstein abused his discretion by not providing a written IPE. Rance attached to his motion portions of the U.S. Code, his request for admissions to DVR, copies of his IPE's case notes, and letters from DVR informing Rance of his case's closure.

In opposition, DVR argued that summary judgment should not be granted on Rance's behalf because Florida law required DVR to assess Rance's educational and other abilities as part of the process for developing an IPE.

---

and establish a genuine issue for trial.

10

Without the assessment, the IPE could not be approved.  DVR's proposed assessment—the TABE and the psychological evaluation—was reasonable given that Rance's requested computer course was rigorous and costly and that Rance displayed volatile behavior.  Because Rance refused to cooperate, DVR lacked the information necessary to approve the IPE.  Based on DVR's established procedure, DVR lawfully closed Rance's case because of his protracted failure to comply with DVR's reasonable requests for diagnostic assessments.

Along with its opposition to Rance's motion, DVR filed a statement of undisputed material facts and supporting documents.  The documents included Sapperstein's affidavit, which reiterated his administrative hearing testimony; a printout of Rance's IPE, which stated in bold typeface that the IPE was "pending approval"; copies of DVR's case notes for Rance's case, which indicated that the IPE was pending approval and described some of Rance's interactions with DVR; and copies of Chapters 18 and 4 of DVR's Operating Procedures manual.  DVR also submitted the administrative-hearing transcript.

The district court notified Rance that DVR raised arguments on the merits in its response to Rance's summary judgment motion and gave Rance fourteen days to respond.  In the notice, the district court specifically referenced Rance's partial summary judgment motion, DVR's opposition to Rance's motion, and DVR's

11

statement of undisputed material facts. The notice informed Rance that it appeared summary judgment "could be entered on the merits of this case in favor of one party" and gave Rance the opportunity to respond to the arguments on the merits raised by DVR.

Rance filed a response to DVR's opposition. Rance argued that he had moved for summary judgment on only one issue, and if the entire case was adjudicated, there would be unanswered issues.

After considering both parties' summary judgment motions, the district court granted summary judgment to DVR. As an initial matter, the district court concluded that Rance's action was not time barred and that DVR was not entitled to summary judgment on that basis.

The district court then examined the merits of Rance's claims. As to Count I (failure to allow additional evidence), the district court reviewed Rance's additional evidence that he had sought to file with DVR. The court determined that even if DVR had considered the evidence, it did not support Rance's claim and would not have changed the Final Order's outcome.

As to Count II (failure to provide vocational rehabilitation benefits), the district court concluded that Rance failed to demonstrate DVR should have approved the proposed IPE prior to receiving the TABE results and psychological

12

evaluation. Both exams would have helped determine whether the proposed IPE was consistent with Rance's "unique strengths, priorities, concerns, abilities, and capabilities." Further, based on the record, both assessments were reasonable. DVR thus did not violate the law in closing Rance's case without approving the proposed IPE because it acted consistently with its written policy found in Chapter 18 of DVR's Operating Procedures manual.

Accordingly, the district court denied Rance's partial summary judgment motion and granted summary judgment on DVR's behalf.

After the district court entered final judgment, Rance filed a motion to reconsider and reopen the case, but did not submit any new evidence. The district court denied his motion, and this appeal followed.

## III. DISCUSSION

### A. Summary Judgment on Count I

On appeal, Rance argues that the district court erred by <u>sua sponte</u> granting summary judgment on his failure-to-allow-additional-evidence claim in Count I. We review a district court's grant of summary judgment <u>de novo</u>, viewing all evidence and factual inferences reasonably drawn from the evidence in the light

most favorable to the non-moving party.[7]  Crawford v. Carroll, 529 F.3d 961, 964 (11th Cir. 2008).

A district court grants summary judgment sua sponte when it addresses a claim or an issue not presented in a summary judgment motion.  See Byars v. Coca-Cola Co., 517 F.3d 1256, 1264 (11th Cir. 2008).  A district court "may enter summary judgment sua sponte if the parties are given adequate notice that they must present all of their evidence."  Imaging Bus. Machs., LLC v. BancTec, Inc., 459 F.3d 1186, 1191 (11th Cir. 2006) (internal quotation mark omitted).  However, even if no formal notice was provided, when a purely legal issue "has been fully developed, and the evidentiary record is complete, summary judgment is entirely appropriate."  Artistic Entm't, Inc. v. City of Warner Robins, 331 F.3d 1196, 1202 (11th Cir. 2003).

Here, we recognize that (1) DVR's sole argument in its summary judgment motion was that Rance's complaint was time barred, and (2) Rance's sole

_____

[7]Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Crawford v. Carroll, 529 F.3d 961, 964 (11th Cir. 2008).  "The moving party bears the initial burden of showing the court . . . that there are no genuine issues of material fact that should be decided at trial."  Allen v. Bd. of Pub. Educ. for Bibb Cnty., 495 F.3d 1306, 1313 (11th Cir. 2007).  In opposing a motion for summary judgment, the non-moving party may not rely solely on the pleadings, but must show by evidence that specific facts exist demonstrating a genuine issue for trial.  See Fed. R. Civ. P. 56(c), (e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548, 2553 (1986).

14

argument in his motion was that summary judgment should be granted on Count II because a supervisor was not required to sign the IPE for it to be approved.

Nonetheless, we cannot say the district court's grant of summary judgment on the merits, even if sua sponte, was error, for the issue was a purely legal question, and the evidentiary record on the issue was complete. See Artistic, 331 F.3d at 1202. The legal question was simply whether the agency erred by refusing to consider Rance's additional evidence as untimely filed. The evidentiary record before the district court included the entire administrative record, and the district court took judicial notice of Rance's additional evidence disallowed by the agency. As the district court noted, the exhibits Rance submitted were materials already familiar to DVR and did not support Rance's claims. Simply put, even when viewing the additional evidence in the light most favorable to Rance, he has raised no genuine issue of material fact precluding summary judgment on Count I.

Further, in Rance's post-summary judgment filings—which included his motion to reconsider the court's summary judgment ruling—he did not submit any new evidence or even allege what evidence the district court failed to consider in granting summary judgment on Count I. See Flood v. Young Woman's Christian Ass'n, 398 F.3d 1261, 1267 (11th Cir. 2005) (concluding a sua sponte grant of summary judgment was appropriate where the plaintiff failed to present new

15

evidence in post-summary judgment filings).  Accordingly, we affirm the district court's grant of summary judgment on Count I.

**B.      Summary Judgment on Count II**

Rance also contends that the district court erred in granting summary judgment to DVR on Rance's failure-to-provide-vocational-rehabilitation-benefits claim in Count II.  Specifically, Rance argues that (1) an issue of material fact exists as to whether the IPE was pending or approved, (2) the regulations do not mention the need for a supervisor, as opposed to a counselor, to approve an IPE, and (3) no law exists authorizing DVR to require Rance to take the TABE and undergo a psychological evaluation for his IPE to be approved.  We are not persuaded.

The Rehabilitation Act authorizes federal grants "to assist [s]tates in operating statewide . . . programs . . . [d]esigned to assess, plan, develop, and provide vocational rehabilitation services for individuals with disabilities, consistent with their strengths, resources, priorities, concerns, abilities, capabilities, interests, and informed choice," with the goal of preparing and enabling such individuals to "engage in gainful employment."  34 C.F.R. § 361.1. Further, the Act's purpose includes helping states operate programs of vocational rehabilitation that are "comprehensive, coordinated, effective, efficient, and

16

accountable." 29 U.S.C. § 720(a)(2).

To be eligible for these federal grants, states must submit plans that comply with 29 U.S.C. § 721. Id. § 721(a)(1)(A). The state plans under § 721 must provide for the development and implementation of IPEs for eligible disabled individuals. See id. § 721(a)(9); 34 C.F.R. § 361.45. The regulations make clear, however, that states may assess an individual's ability to succeed with the IPE, including through intellectual, medical, and psychological evaluations. See 34 C.F.R. § 361.5(b)(6)(ii)(c) (providing that the agency may assess "the personality, . . . intelligence and related functional capacities, . . . and the medical, psychiatric, psychological, and other pertinent . . . factors that affect the employment and rehabilitation needs of the individual"). Additionally, the regulations require states to create written policies for providing services to persons with disabilities. Id. § 361.50.

The statute and regulations establish certain requirements for an IPE. It must be a written document (prepared on forms provided by the state unit) that has been approved and signed by a "qualified vocational rehabilitation counselor." 29 U.S.C. § 722(b)(2)(A), (C)(ii); 34 C.F.R. § 361.45(d)(1), (3)(ii). In developing an IPE, the state unit in charge of such services must "complete an assessment for determining eligibility and vocational needs, as appropriate." 29 U.S.C.

17

§ 722(b)(1); Fla. Stat. § 413.30(5).  If additional information is needed to determine the nature and scope of the IPE's services, the state unit should "conduct a comprehensive assessment of the unique strengths, resources, priorities, concerns, abilities, capabilities, interests, and informed choice" of the eligible individual.  34 C.F.R. § 361.45(f)(2)(i).

The dispositive question here is whether Rance's IPE was indeed approved within the meaning of the relevant statute.  Rance's only support for his assertion that the IPE was approved and not pending is his own assertion in his brief that it is so.  However, the only available evidence—including Sapperstein's affidavit, the IPE's case notes, and the IPE printout—shows that Rance's IPE was pending.  Rance submitted no evidence showing that his IPE was approved and signed by even his counselor.  The statute and regulations plainly state the IPE must be approved and signed by a qualified vocational rehabilitation counselor before being executed.  29 U.S.C. § 722(b)(2)(A), (C)(ii); 34 C.F.R. § 361.45(d)(1), (3)(ii).  Because Rance failed to present any evidence showing that the IPE was approved, summary judgment was proper.

As to Rance's argument that, as a matter of law, the statute and regulations do not require a supervisor, as opposed to a counselor, to approve the IPE, that much is true.  But neither the statute nor the regulations forbid a state's requiring a

18

supervisor to approve the IPE. Indeed, having a supervisor review a counselor's work merely ensures that Florida's vocational rehabilitation program is "comprehensive, coordinated, effective, efficient, and accountable." See 29 U.S.C. § 720(a)(2). Rance has not shown how the supervisor-approval requirement violates or is inconsistent with the statute, regulations, or even the Rehabilitation Act's purpose. And at the crux of the matter, DVR—whether through a supervisor or counselor—never approved and signed Rance's IPE.

Rance's final argument that DVR violated the law by requiring him to take the TABE and undergo a psychological evaluation is also without merit. Again, Rance is correct that no statute or regulation required that he undergo those particular examinations. However, both the federal statute and the applicable state statute provide that once a person is deemed eligible for vocational rehabilitation services, the state unit in charge of the services must assess that individual to determine his eligibility and vocational rehabilitation needs. 29 U.S.C. § 722(b)(1); Fla. Stat. § 413.30(5). In fact, the regulations specifically allow the state unit to conduct a comprehensive assessment of an eligible individual to determine what services should be included in the IPE. See 34 C.F.R. §§ 361.45(f)(2)(i), 361.5(b)(6). This may include "an assessment of the personality . . . intelligence and related functional capacities, . . . and the medical,

psychiatric, psychological, and other pertinent . . . factors that affect the employment and rehabilitation needs of the individual." Id. at § 361.5(b)(6)(ii)(c). The TABE and psychological examination were authorized under the statutory scheme.

The evidentiary record also supports DVR's use of the TABE and psychological evaluation. DVR submitted evidence showing that the use of the TABE and the psychological evaluation was reasonable considering Rance's desired course. Rance failed to present any evidence showing that DVR's requirements violated the statute, the regulations, or DVR's own policies or operating procedures.

For all the above reasons, we affirm the district court's grant of summary judgment in favor of DVR on Counts I and II of Rance's complaint.

**AFFIRMED.**